UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
July 2, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| v. | ) | 7:02-CR-012-R(05) |
| | ) | |
| EVERADO MENDOZA, JR., | ) | (Civil No. 7:06-CV-104-R) |
| Movant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Before the Court is Everado Mendoza, Jr.'s Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. Mendoza was arrested in October 2002 and a criminal complaint was filed. Mot. To Vacate at 2. In November 2002, he was indicted in the Northern District of Texas, Wichita Falls Division and charged with two counts: (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, a violation of 21 U.S.C. § 846 and (2) possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. 924(c). *Id.* After retracting his guilty plea, Mendoza proceeded to trial in October 2003 and was convicted on both counts of the indictment. *Id.* He was sentenced to 151 months imprisonment on Count 1 and given a consecutive 60-month term on Count 2. *Id.* In November 2004, Mendoza filed a timely notice of appeal to the Fifth Circuit. *Id.* His conviction and sentence were affirmed on June 22, 2005. *Id.* at 2-3. The current motion was then timely filed on June 20, 2006. *Id.* at cover.

In support of his motion Mendoza provides the following grounds for relief:

1.  Structural error occurred when the court failed to require maximum penalty increasing facts be charged in the indictment, included in the jury instruction, and found by the jury beyond a reasonable doubt.

  2. He was denied effective assistance of counsel at trial.

  3. He was denied effective assistance of counsel on appeal.

  4. Several procedural errors caused prejudice.

*Id.* at 3-18.

A prisoner in custody under sentence of a federal court, may file a motion to vacate, set aside or correct the sentence in the court which imposed the sentence. 28 U.S.C. § 2255. The statute states four grounds for which relief can be granted: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; (4) that the sentence is otherwise subject to collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470 (1962). Section 2255 does not mandate habeas relief to all who suffer trial errors. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury which "could not have been raised on direct appeal and, would, if condoned, result in complete miscarriage of justice." *Capua*, 656 F.2d at 1037.

**Structural Error**

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), Mendoza argues that the trial process was structurally flawed when the court failed to require the maximum penalty increasing facts be charged in the indictment, included in the jury instructions, and found by the jury beyond a reasonable doubt. Mot. To Vacate at 3. Mendoza raised his Sixth Amendment Claim on direct appeal to the Fifth Circuit and it was

dismissed because it was not plain error. *United States v. Mendoza,* No. 04-10288, slip op. at 2 (5th Cir. June 22, 2005). The Fifth Circuit held that Mendoza did not object to his sentence on Sixth Amendment grounds at trial and therefore the review was for plain error only. *Id.* When a defendant does not object on Sixth Amendment grounds to *Booker*[1] error in district court, the review is for plain error only. *See United States v.* Mares, 402 F.3d 511, 520 (5th Cir. 2005) (relying on *United States v. Cotton*, 535 U.S. 625, 631-32, 122 S.Ct. 1781 (2002) and *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544 (1997)). To establish plain error, a movant must demonstrate (1) error, (2) that it is plain, and (3) that affects substantial rights. *Mares,* 402 F.3d at 520, (citing *Cotton*, 535 U.S. at 631, 122 S.Ct. 1785). If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In *Mares*, the Fifth Circuit held that *Booker* errors are (1) error, and are (2) plain. 402 F.3d at 521. But the third prong, which requires that an error affect substantial rights, necessitates a more detailed discussion. *Id.* An error affects substantial rights if it affects the outcome of the district court. *Mares*, 402 F.3d at 521 (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S. Ct. 1770 (1993) and *United States v. Domiguez-Benitez,* 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004)). A *Booker* error affects substantial rights only if the defendant can demonstrate "that the sentencing judge - sentencing under an advisory scheme rather than a mandatory one - would have reached a significantly different result." *Mares*, 402 F.3d at 521. The Fifth Circuit held that Mendoza had not "established that the sentencing judge would have reached a significantly different result. *Mendoza*, No. 04-10288, slip op. at 2. Consequently, the issue was dismissed.

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

When a claim was raised on direct appeal and rejected by the appellate court, it is procedurally barred from subsequent collateral review.  *See, United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).  Liberally construing the *Blakely* argument as a claim for relief under the Supreme Court's intervening decision, *United States v. Booker*, 543 U.S. 220 (2005), which extended the *Blakely* decision to federal sentencing, Mendoza is not entitled to relief.  *Booker* does not apply retroactively to cases on collateral review.[2]

**Ineffective Assistance of Counsel**

Next, movant claims that he was denied effective assistance of counsel at the appellate and trial levels.  Mot. To Vacate at 8-15.  Specifically, Mendoza claims that his attorney was ineffective for the following reasons:

1. Trial counsel failed to object to the prosecutor's assertion during closing arguments that various witnesses were lying;

2. Trial counsel failed to object to sentence increase based on a drug quantity of 20 kilograms (judicially found by a preponderance of the evidence) when the movant was indicted for and the jury found a lesser quantity of 500 grams beyond a reasonable doubt;

---

[2] *See, e.g., Guzman v. United States*, 404 F.3d 139, 144 (2d. Cir.) (holding that *Booker* is not retroactive and does not apply to judgments that became final before Jan. 12, 2005), *cert. denied*, 126 S.Ct. 731 (2005); *Lloyd v. United States*, 407 F.3d 608, 614 (3d. Cir.) (holding that *Booker* does not apply retroactively to cases on collateral review), *cert denied*, 126 S.Ct. 288 (2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir.) (holding that *Booker* does not apply to initial motions brought pursuant to 28 U.S.C. § 2255), *cert. denied*, 126 S.Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir.) (holding that *Booker* does not apply retroactively to cases already final on direct review), *cert denied*, 126 S.Ct. 199 (2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.) ("*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."), *cert. denied*, 126 S.Ct. 312 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) ("We conclude ... that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."), *cert. denied*, 545 U.S. 1110 (2005).

      3.     Appellate counsel failed to establish that the prosecutor's misconduct in the opening statement cast serious doubt upon the correctness of the jury's verdict, as would be required to overturn the verdict, and;

      4.     Appellate counsel had a duty to investigate relevant facts and research law related to directly controlling precedent but, failed to do so.

*Id.*

In order to obtain relief on a claim of ineffective assistance of counsel the movant must prove that (1) his counsel's performance was deficient, and (2) that it prejudiced him as a defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S.Ct. 418 (1994). If a movant fails to satisfy either prong, his ground for relief necessarily fails.

In measuring whether counsel's representation was deficient, a movant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064-65; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). Additionally, a court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921, 113 S.Ct. 3035 (1993).

In order to satisfy the prejudice prong of the *Strickland* test, the movant must show that counsel's errors were so egregious as to deprive the defendant of a fair trial such that the result is unreliable. *Srickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To show prejudice, the movant must demonstrate that "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.*

Mendoza's first and third ineffective assistance of counsel claims allege that counsel was ineffective because he did not object to the prosecutor's assertion that various witnesses were lying. Mot. To Vacate at 8-11. As a result, on appeal, the issue was reviewed for plain error rather than harmless error. *Id*. Improper comments by a prosecutor warrant reversal only when "the defendant's right to a fair trial is substantially affected." *United States v. Andrews*, 22 F.3d 1328, 1341 (5th Cir. 1994). "The determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *United States v. Iredia*, 866 F.2d 114, 117 (5th Cir. 1989). Here, the Fifth Circuit held that the prosecutor's statements, when "reviewed in context," did not cast serious doubt upon the correctness of the jury's verdict. *Mendoza,* No. 04-10288, slip op. at 2. Thus, the failure to object was not deficient performance. Furthermore, Mendoza has failed to show how the result of his appeal would have been different if reviewed under a different standard.

Movant's second ineffective assistance of counsel claim involves trial counsel's failure to object to the sentence increase. Mot. To Vacate at 10. Mendoza was charged below the

statutory maximum[3], and thus an objection under *Apprendi* would have been superfluous. Furthermore, at the time of trial, *Blakely* and *Booker* had not been decided. Failure to foresee future developments in the law does not constitute deficient performance. *See, Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981); *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). Thus, trial counsel was not deficient. But even if the performance was deficient, Mendoza has failed to show how the outcome would have been different at the trial level using the guidelines as advisory instead of mandatory. Nor has he shown how the appellate court would have ruled different using a more lenient standard of review.

      Movant's final ineffective assistance of counsel claim involves appellate counsel's failure to investigate relevant facts and research law related to directly related precedent. Mot. To Vacate at 15. It is not clear from the motion what relevant law appellate counsel failed to research. A blanket assertion that appellate counsel failed to research the law does not show deficient performance or demonstrate how it prejudiced Mendoza. Moreover, conclusory allegations such as those presented in the instant motion do not raise a colorable basis for habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

---

[3] Mendoza's indictment, under which he was found guilty, charged him with possession with the intent to distribute 500 grams of cocaine. Indictment at 1. The statutory maximum was 40 years. 21 U.S.C. § 846. Mendoza was sentenced to 151 months imprisonment on the count. Mot. To Vacate at 2.

**Procedural Default Exceptions**

Movant presents four issues which he argues are excepted from procedural default:

1. His right to due process and a fair trial were violated when the court allowed the prosecutor to declare that certain witnesses were lying;

2. The court erred in denying his motion for a mistrial in light of the prosecutor's conduct;

3. The district court erred in refusing to instruct the jury to disregard the prosecutor's conduct, and;

4. The district court erred in denying his motion for a judgment of acquittal.

Mot. To Vacate at 18-22. Each of these claims were brought on direct appeal to the Fifth Circuit and decided adversely to movant. *Mendoza,* No. 04-10288, slip op. at 2. When a claim was raised on direct appeal and rejected by the appellate court, it is procedurally barred from subsequent collateral review. *See Rocha*, 109 F.3d at 229-30 (5th Cir. 1997); *Segler*, 37 F.3d at 1134 (5th Cir. 1994); *Kalish*, 780 F.2d at 508 (5th Cir. 1986). Therefore, movant is not entitled to relief on these grounds.

**Evidentiary Hearing**

Finally, movant asserts that he is entitled to an evidentiary hearing. Mot. To Vacate at 23. He alleges there are issues of contested facts in the case, but does not identify those facts. *Id.* No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner in entitled to no relief." 28 U.S.C. § 2255. Furthermore, "bare, conclusory allegation unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at 1012 n.2; *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing). Mendoza's

unsupported allegations do not entitle him to an evidentiary hearing.  The issues reviewed by this Court conclusively show that movant is not entitled to relief.

    For the foregoing reasons, it is ORDERED that the motion to vacate, set aside or correct sentence is DENIED.  The Clerk of Court shall transmit a copy of this order to movant and to counsel for respondent.

    SO ORDERED this 2nd day of July, 2007.

```
_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE
```